UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HARDING,<br><br>                                  *Plaintiff*,<br><br>       v.<br><br>DORILTON CAPITAL ADVISORS LLC, DORILTON CAPITAL MANAGEMENT LLC, ALCORITY LLC, ONETHIRTYONE LLC, and SAMUEL MATHEW, Jointly and Severally,<br><br>                                  *Defendants*. | Case No. 1:22-CV-01726 (CM) |

# DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants Dorilton Capital Advisors LLC, Dorilton Capital Management LLC, Alcority LLC, ONETHIRTYONE LLC (collectively, "Dorilton"), and Samuel Mathew (together with Dorilton, "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by plaintiff Aaron Harding in the Complaint.

## GENERAL DENIAL

Except as otherwise expressly recognized herein, Defendants deny each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the Complaint, and specifically deny any liability to Plaintiff. Averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

Defendant "John Doe" was dismissed from this action by the Court's Order of October 18, 2022 (ECF No. 34), and therefore no response is required for the claims against "John Doe."

## ANSWER TO SPECIFIC ALLEGATIONS IN COMPLAINT

## INTRODUCTION

1. To the extent the allegations in Paragraph 1 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admit that Plaintiff was employed as an information technology ("IT") business analyst at various times by Dorilton Capital Management LLC, ONETHIRTYONE LLC, and Alcority LLC, that Samuel Mathew (not "Mathews," as erroneously alleged in the Complaint) was Plaintiff's direct supervisor, and that Plaintiff's employment was terminated on or about August 3, 2021. Defendants deny that Plaintiff was ever employed at Dorilton Capital Advisors LLC and deny the remaining allegations in Paragraph 1.

2. To the extent the allegations in Paragraph 2 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. To the extent the allegations in Paragraph 3 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admit that Plaintiff has asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107(1)(a) and (16), and admit that Plaintiff seeks punitive damages, expenses, and attorneys' fees. Defendants deny the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. To the extent that the allegations in Paragraph 4 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to plead jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1337 and 1343(3) and (4), and that this Court has subject matter jurisdiction over the Title VII and New York City Human Rights Law claims.

5. To the extent that the allegations in Paragraph 5 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admits that Plaintiff purports to plead venue pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, and that venue is proper in this judicial district.

## THE PARTIES

6. To the extent the allegations in Paragraph 6 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admit that Plaintiff was employed at various times by Dorilton Capital Management LLC, ONETHIRTYONE LLC, and Alcority LLC as an IT business analyst and that Plaintiff's job responsibilities included enterprise resource planning software ("ERP") development and support. Defendants lack knowledge or information sufficient to form a belief as to the truth of the claims about Plaintiff's race and national origin and on that basis deny them. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. No responsive pleading is required to the allegations in Paragraph 11.

12. No response is required to the allegations in Paragraph 12 because "John Doe" was dismissed from this action by the Court's Order of October 18, 2022 (ECF No. 34).

13. To the extent the allegations in Paragraph 13 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. No response is required to the allegations in Paragraph 15 because "John Doe" was dismissed from this action by the Court's Order of October 18, 2022 (ECF No. 34).

16. To the extent that the allegations in Paragraph 16 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admit the factual allegations in Paragraph 16.

17. To the extent the allegations in Paragraph 17 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. To the extent that the allegations in Paragraph 18 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Defendants admit the factual allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants

admit that Mathew was Plaintiff's direct supervisor. Defendants deny the remaining allegations in Paragraph 21.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

22. To the extent that the allegations in Paragraph 22 are legal conclusions and characterizations, no responsive pleading is required. To the extent a response is required, Defendants admit that, to the best of their knowledge, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about October 20, 2021.

23. To the extent that the allegations in Paragraph 23 are legal conclusions and characterizations, no responsive pleading is required. To the extent a response is required, Defendants admit that, to the best of their knowledge, the Equal Employment Opportunity Commission issued a Notice of Right to Sue at Plaintiff's request on or about December 3, 2021.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis deny them.

## GENERAL ALLEGATIONS

25. Defendants admit that Plaintiff was employed as an IT business analyst at various times by Dorilton Capital Management LLC, ONETHIRTYONE LLC, and Alcority LLC, that Plaintiff's job responsibilities included ERP development and support, and that Plaintiff's employment was terminated on or about August 3, 2021. Defendants deny the remaining allegations in the first sentence of Paragraph 25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and on that basis deny them.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis deny them.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny them.

28. Defendants admit that Plaintiff was employed as an IT business analyst and that Plaintiff's job responsibilities included ERP development and support. Defendants deny the remaining allegations in Paragraph 28.

29. Defendants admit that Plaintiff received a bonus and a salary increase within his first year of employment but deny Plaintiff's characterization of that bonus as "substantial" and deny the particular amounts alleged. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. To the extent that the allegations in Paragraph 32 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33. To the extent that the allegations in Paragraph 33 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admit that Plaintiff's employment was terminated on or about August 3, 2021. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. To the extent that the allegations in Paragraph 35 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding client statements to Plaintiff in Paragraph 39 and on that basis deny them. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. To the extent that the allegations in Paragraph 43 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 52 and on that basis deny them. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. To the extent that the allegations in Paragraph 56 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants admit that Plaintiff was placed on a performance improvement plan on or about June 17, 2021. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants admit that Plaintiff contacted Human Resources on or about June 18, 2021. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants admit that Human Resources responded to and met with Plaintiff to provide further information about the performance improvement plan and review process. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants admit that Mathew completed evaluations of Plaintiff's progress or lack thereof toward the objectives in Plaintiff's performance improvement plan and that Plaintiff's employment was terminated on or about August 3, 2021. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis deny them.

72. To the extent that the allegations in Paragraph 72 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73. Defendants admit that Plaintiff contacted Human Resources on or about June 18, 2021, and that Plaintiff's employment was terminated on or about August 3, 2021. Defendants deny the remaining allegations in Paragraph 73.

### DEFENDANTS' BUSINESS

74. Defendants admit the allegations in Paragraph 74.

75. To the extent the allegations in Paragraph 75 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

### FIRST CAUSE OF ACTION
### TITLE VII CLAIM FOR HOSTILE ENVIRONMENT

78. Defendants reassert and hereby incorporate by reference their responses to the allegations of each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

79. To the extent that the allegations in Paragraph 79 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80. To the extent that the allegations in Paragraph 80 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. To the extent that the allegations in Paragraph 81 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. To the extent that the allegations in Paragraph 82 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

**SECOND CAUSE OF ACTION**
**TITLE VII CLAIM FOR RETALIATION**

83. Defendants reassert and hereby incorporate by reference their responses to the allegations of each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

84. To the extent that the allegations in Paragraph 84 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85. To the extent that the allegations in Paragraph 85 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

**THIRD CAUSE OF ACTION**
**NYC HUMAN RIGHTS LAW CLAIM FOR HOSTILE WORK ENVIRONMENT**

86. Defendants reassert and hereby incorporate by reference their responses to the allegations of each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

87. To the extent that the allegations in Paragraph 87 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. To the extent that the allegations in Paragraph 88 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. To the extent that the allegations in Paragraph 89 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90. To the extent that the allegations in Paragraph 90 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91. To the extent that the allegations in Paragraph 91 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

**FOURTH CAUSE OF ACTION**
**NYC HUMAN RIGHTS LAW CLAIM FOR RETALIATION**

92. Defendants reassert and hereby incorporate by reference their responses to the allegations of each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

93. To the extent that the allegations in Paragraph 93 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94. To the extent that the allegations in Paragraph 94 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95. To the extent that the allegations in Paragraph 95 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

**FIFTH CAUSE OF ACTION**
**INFLICTION OF EMOTIONAL DISTRESS**

96. Defendants reassert and hereby incorporate by reference their responses to the allegations of each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

97. No response is required to the allegations in Paragraph 97 because they relate to claims that have been dismissed by the Court.

98. No response is required to the allegations in Paragraph 98 because they relate to claims that have been dismissed by the Court.

99. No response is required to the allegations in Paragraph 99 because they relate to claims that have been dismissed by the Court.

100. No response is required to the allegations in Paragraph 100 because they relate to claims that have been dismissed by the Court.

101. No response is required to the allegations in Paragraph 101 because they relate to claims that have been dismissed by the Court.

102. No response is required to the allegations in Paragraph 102 because they relate to claims that have been dismissed by the Court.

## SIXTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

103. Defendants reassert and hereby incorporate by reference their responses to the allegations of each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

104. No response is required to the allegations in Paragraph 104 because they relate to claims that have been dismissed by the Court.

105. No response is required to the allegations in Paragraph 105 because they relate to claims that have been dismissed by the Court.

106. No response is required to the allegations in Paragraph 106 because they relate to claims that have been dismissed by the Court.

107. No response is required to the allegations in Paragraph 107 because they relate to claims that have been dismissed by the Court.

## SEVENTH CAUSE OF ACTION
## DEFAMATION

108. Defendants reassert and hereby incorporate by reference their responses to the allegations of each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

109. To the extent that the allegations in Paragraph 109 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109.

110. To the extent that the allegations in Paragraph 110 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111. To the extent that the allegations in Paragraph 111 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112. To the extent that the allegations in Paragraph 112 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113. To the extent that the allegations in Paragraph 113 are legal conclusions and characterizations, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

## ANSWER TO PRAYER FOR RELIEF ALLEGATIONS

The allegations set forth in Plaintiff's Prayer for Relief (ECF No. 1 at 28) are conclusions of law for which no responsive pleading is required and which are therefore denied. To the extent the allegations in the Prayer for Relief are deemed in whole or in part to be factual, Defendants deny them. Defendants further dispute Plaintiff's characterization of their conduct, or that their conduct provides a basis for any actionable claim.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiff's claims, Defendants assert the following affirmative and other defenses in addition to the General Denial above. Defendants may have separate and additional defenses against Plaintiff of which they are not yet fully aware. Defendants reserve their right to assert such additional defenses if and as they become known.

### First Defense
### (Failure to State a Claim)

Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

### Second Defense
### (No Joint Employment)

Plaintiff was not jointly employed by all of the Defendant entities and the Defendant entities are not joint employers.

### Third Defense
### (Good Faith)

Defendants allege, without admitting any liability whatsoever, that at all times relevant to this action, Defendants acted in good faith towards Plaintiff and in compliance with all applicable laws. Defendants implemented policies and programs prohibiting all forms of discrimination in good faith and with reasonable belief that they did not, in any manner, directly or indirectly perform and act, or fail to perform any act, which would violate any of Plaintiff's claimed rights.

### Fourth Defense
### (No Respondeat Superior)

Defendants allege, without admitting any liability whatsoever, that if any employee of any Defendant discriminated against or engaged in other inappropriate conduct, such conduct was outside the course or scope of his or her employment and thus, Defendants may not be held liable for such conduct pursuant to the doctrine of *respondeat superior*.

### Fifth Defense
### (No Vicarious Liability)

Defendants allege, without admitting any liability whatsoever, that if any employee of any Defendant discriminated against or engaged in other inappropriate conduct, that Defendants did not authorize, ratify, encourage, direct, and/or assist this conduct.

### Sixth Defense
### (Legitimate, Non-Discriminatory, And Non-Retaliatory Motives)

Defendants allege, without admitting any liability whatsoever, that any adverse employment action taken with respect to Plaintiff was motivated by legitimate, non-discriminatory, and non-retaliatory reasons.

### Seventh Defense
### (No Protected Activity)

Plaintiff's claims fail because Plaintiff did not engage in protected activity that triggered the anti-retaliation provisions of the statutes Plaintiff invokes in this action.

### Eighth Defense
### (No Causation)

Plaintiff's claims fail because neither unlawful discrimination nor unlawful retaliation was a but-for cause and/or motivating factor in any adverse action taken with respect to Plaintiff.

### Ninth Defense
### (No Damage)

Plaintiff's claims fail because Plaintiff suffered no ascertainable damages from any adverse action taken with respect to Plaintiff and because there is no causal relationship between the losses alleged and Defendants' alleged wrongful acts or omissions.

### Tenth Defense
### (Exhaustion)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the administrative exhaustion and other procedural requirements of Title VII prior to filing suit.

### Eleventh Defense
### (Protected Statements of Opinion)

Plaintiff's defamation claim is barred, in whole or in part, insofar as it infringes the exercise of free speech rights protected by the First Amendment of the United States Constitution and Article I, Section 8 of the New York Constitution or challenges speech amounting to protected nonactionable statements of opinion.

### Twelfth Defense
### (Truth)

Plaintiff's defamation claim is barred, in whole or in part, because Defendants' accused statements are substantially true.

### Thirteenth Defense
### (Common-Interest Privilege)

Plaintiff's defamation claim is barred, in whole or in part, insofar as Plaintiff challenges statements falling within the common-interest privilege.

### Fourteenth Defense
### (Unclean Hands, Waiver, Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, and/or estoppel.

### Fifteenth Defense
### (Statutes Of Limitations)

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### Sixteenth Defense
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventeenth Defense
### (Mitigation Of Damages)

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages. Any claim must be offset and/or reduced by any wages, compensation, pay, commissions, benefits, and all other earnings or remunerations, profits, and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with reasonable diligence.

### Eighteenth Defense
### (Unjust Enrichment)

Plaintiff's claims for damages are barred, in whole or in part, to the extent an award of damages would result in unjust enrichment of Plaintiff.

### Nineteenth Defense
### (No Punitive Damages)

Plaintiff's claims for punitive damages are barred, in whole or in part, because Defendants did not act with fraud, oppression, malice, wanton, willful, or conscious disregard, or reckless indifference toward Plaintiff. Awarding punitive damages under these circumstances would violate Defendants' rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the New York Constitution.

### Twentieth Defense
### (No Fees or Costs)

Plaintiff's claims for attorneys' fees, costs, expenses, or interest association with this action are barred, in whole or in part, because there is no basis in law or fact for such claims.

### Twenty-first Defense
### (No Personal Knowledge As To Defendant Samuel Mathew)

Plaintiff's claims against Samuel Mathew fail because Mathew did not have personal knowledge of the material facts allegedly giving rise to Plaintiff's claims, including any material facts related to adverse action taken with respect to Plaintiff.

### Twenty-second Defense
### (No Personal Involvement As To Defendant Samuel Mathew)

Plaintiff's claims against Samuel Mathew fail because Mathew was not personally involved in the material conduct allegedly giving rise to Plaintiff's claims, including in any decisions to take adverse action with respect to Plaintiff.

### Additional Defenses

Defendants presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to

amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request entry of judgment in their favor and against Plaintiff as follows:

a. An order declaring that Plaintiff take nothing on the claims asserted in the Complaint against Defendants;

b. A judgment dismissing Plaintiff's Complaint against Defendants with prejudice;

c. A judgment awarding Defendants their costs, expenses, and reasonable attorneys' fees as permitted by law;

d. An order denying Plaintiff recovery of any costs, expenses, or attorneys' fees;

e. An order awarding Defendants any such other relief as the Court may deem just and proper.

Dated: November 1, 2022              GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Gabrielle Levin

    Gabrielle Levin
    200 Park Avenue, 48th Floor
    New York, New York 10166
    Telephone: 212.351.3901
    Facsimile: 212.351.5301
    GLevin@gibsondunn.com

    Joshua M. Wesneski
    1050 Connecticut Avenue, NW
    Washington, DC 20036
    Telephone: 202.887.3598
    Facsimile: 202.8316022
    JWesneski@gibsondunn.com

    *Attorneys for Defendants*